UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD GERALD DALRYMPLE,

    Plaintiff,

v.                                    Case No: 2:16-cv-295-FtM-99CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Carol Mirando's Report and Recommendation (Doc. #19), filed on August 10, 2017, recommending that the Decision of the Commissioner be affirmed. On August 24, 2017, plaintiff filed his Objections to Report and Recommendation Dated August 10, 2017 (Doc. #20).

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007) (citing Martin, 894 F.2d at 1529).

## II.

The Magistrate Judge recommends that the ALJ provided good cause for giving little weight to Dr. Galang's March 2011 and January 2013 opinions on plaintiff's ability to work based on the medical treatment notes over the course of treatment indicating to the contrary. (Doc. #12-7, Tr. 417-420; Doc. #12-8, Tr. 491-494.)

The Magistrate Judge further noted the Commissioner's argument that the January 2013 opinion was a form questionnaire, but the Magistrate Judge did not conclude that the ALJ rejected the opinion on this basis. The Magistrate Judge recommends that the ALJ's decision to discount plaintiff's credibility as to his subjective complaints was supported by substantial evidence.

The Magistrate Judge also recommends finding that substantial evidence supports the ALJ's finding that plaintiff could perform his past relevant work because Dr. Galang's opinions were properly discounted. The Magistrate Judge further recommends finding no error in the ALJ's reliance on the testimony of the vocational expert, or the determination based on the testimony.

## III.

Plaintiff objects that the ALJ did not provide explicit and adequate reasons for rejecting the March 9, 2011 opinion of a treating physician, Dr. Galang. Specifically that the ALJ failed to discuss how Dr. Galang's opinion that plaintiff could not tolerate sitting or standing for more than about 15 minutes at a time was inconsistent with plaintiff's daily activities, and that the ALJ failed to discuss what "other observation" supported rejection of Dr. Galang's opinion.

The Court finds that the ALJ never explicitly rejected the medical diagnosis or medical opinion of Dr. Galang, but rather found that the speculation that plaintiff could not tolerate sitting for more than 15 minutes or that he was unable to continue his practice was unsupported by the medical findings, and should be given little weight in light of plaintiff's daily activities and the ALJ's own observations of plaintiff. (Doc. #12-2, Tr. 46.)

The ALJ found that plaintiff's subjective pain complaints were not fully credible as they were inconsistent with the totality of the medical evidence. (Id., Tr. 45.) The ALJ "observed" plaintiff, and noted no obvious pain or discomfort during the hearing, and noted that he lacked the general physical appearance of someone who might have been experiencing prolonged or severe pain. (Id., Tr. 44.) The ALJ found "the totality of the supporting medical evidence does not provide clinical correlation of his symptomology to the degree of debility alleged with objective findings on examination." (Id., Tr. 45.)

After hearing plaintiff's testimony, the ALJ noted that plaintiff had an active driver's license, drives daily, and runs errands or sees a patient or two before returning home. The ALJ noted that plaintiff works part-time at his psychology practice,

for 2-3 hours a day, and that he last worked full-time in November 2010, but was still seeing patients in early 2013.[1] (Id., Tr. 42, 44.) The ALJ went on to note that plaintiff performed housekeeping in short bursts[2], prepares simple meals in the microwave, but does not socialize or go out much due to his condition[3], but regularly drives to North Florida[4]. (Id., Tr. 42-43, 45.) Plaintiff had no hospitalizations in the previous 12 months, and no emergency room visits in the previous 6 months. (Id., Tr. 83.)

The ALJ concluded that plaintiff's "impairment or combination of impairments" did not significantly limit his ability to perform basic work-related activities based on symptoms "consistent with the objective medical evidence", and the observations noted above. (Doc. #12-2, Tr. 42.) The conclusion is supported by substantial evidence. The objection is overruled.

---

[1] Plaintiff testified that he lies back on his recliner, with a pillow, while seeing patients, and then takes about an hour break between patients, if possible, to lie down and stretch. (Doc. #12-2, Tr. 83-84.)

[2] Plaintiff testified that he vacuumed once a month, but no sweeping or mopping. Plaintiff has someone come in to help. (Doc. #12-2, Tr. 73.)

[3] Plaintiff testified that he lies down on a pallet in the same position most of the day, approximately 7 hours watching television and reading. (Doc. #12-2, Tr. 76-77.)

[4] Plaintiff testified that he takes the "grueling" drive every few months to see his 88 year old mother, but stops numerous times along the way. (Doc. #12-2, Tr. 78.)

**IV.**

Plaintiff further objects to the Magistrate Judge's reliance on the Commissioner's position that the ALJ rejected Dr. Galang's January 14, 2013 opinion because Dr. Galang simply completed a form questionnaire by checking off boxes. Plaintiff argues that the ALJ never stated that it was a basis for rejecting the opinion, it is simply Commissioner's conjecture, and the ALJ's finding that the opinion was "not supported by substantial objective findings, diagnostic imaging, or physical examination", id., Tr. 46, was simply a conclusory statement.

In January 2013, Dr. Galang expressed his opinion that claimant would be unable to work for more than three hours a day, and would be unable to engage in even simple light work due to his spinal condition in response to questions submitted by counsel. This opinion was given little weight because it was not supported by the medical evidence presented in Dr. Galang's own records. (Doc. #12-2, Tr. 46.)

More specifically, the ALJ observed after review of the records:

> MRI of the lumbar spine from August 2011 showed only mild disc bulging at multiple levels and MRI of the left hip was unremarkable. Reports and examination in January 2012 were unchanged. Primary care notes from May 2013 showed normal gait,

> strength, reflexes, and sensory function.
> Upper and lower extremity strength and tone
> appeared normal. Into 2012 and 2013,
> treatment notes from Dr. Galang show
> examination with normal gait and station,
> strength, and no spasm. Straight leg raise
> was positive however and the claimant had an
> abnormal spinal curvature and a reduced range
> of motion. Examination in late 2012 with Dr.
> Lin was largely unremarkable and showed a
> normal gait and muscle strength. Range of
> motion in all extremities and the cervical and
> lumbar spines was normal. Claimant's reflexes
> were unremarkable and straight leg raising
> negative.

(Doc. #12-2, Tr. 45.) The ALJ found plaintiff to be highly intelligent and skilled, that plaintiff sat for an hour hearing and stood up once, and appeared to move well with is cane, and maintain eye contact. The ALJ found that plaintiff's impairments could reasonably produce the alleged symptoms, but that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible to the extent that all work is precluded." (Id., Tr. 44.) The ALJ gave significant weight to the State agency physical examiner's finding that plaintiff was capable of a range of light work. (Id., Tr. 46.) The ALJ even went on to assume a severe impairment, and still found that plaintiff would retain the residual functional capacity to perform light work. (Id.)

After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #19) is **accepted and adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **affirmed**.

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __18th__ day of September, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
U.S. Magistrate Judge

Counsel of Record